## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

IN RE:

JULIAN RODNEY ROOKS, JR.,                    CASE NO.: 21-40139-KKS
                                             CHAPTER: 7

     Debtor.

_____/

JULIAN RODNEY ROOKS, JR.                     ADV. NO.: 21-04019-KKS

     Plaintiff,

v.

ST. JOSEPH'S COLLEGE OF MAINE, et. al.,

     Defendants.

_____/

## ORDER GRANTING *MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT* (ECF No. 33)

THIS MATTER came before the Court upon the motion of Defendant, United States, on behalf of the Department of Education ("Department of Education"), entitled *Motion for Extension of Time to Respond to Complaint* ("Motion," ECF No. 33). For the reasons set forth below, the Motion is due to be granted.

Rule 1001 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, that "the rules should be construed, administered, and

KKS with assistance from SK

employed by the court and the parties to secure the just, speedy and inexpensive determination of every case and proceeding."[1] In accordance with the mandate of Rule 1001, courts "generally have given a liberal interpretation to Rule 6(b) in order to work substantial justice."[2]

The United States filed the Motion before its time to file a responsive pleading expired. The Motion falls squarely within Rule 6(b)(1). Although Plaintiff does not consent to the relief sought by the United States, the Court finds sufficient cause to grant the Motion.

Plaintiff's Complaint, *inter alia,* seeks to have approximately $226,000 in student loans discharged.[3] The Complaint, which comprises twenty-five (25) pages, recites facts dating back to 1993.[4] The Complaint does not allege the standard or run of the mill student loan discharge facts. Instead, most of the allegations in the Complaint center around fraud allegedly committed by three (3) educational institutions, one of which, St. Matthew's University, while it may be related to a Delaware

---

[1] Fed. R. Bankr. P. 1001; *see also* Fed. R. Civ. P. 1.

[2] *Anderson v. Stanco Sports Library, Inc.,* 52 F.R.D. 108, 110 (D. S.C. 1971).  Fed. R. Bankr. P. 9006 incorporates similar requirements of time computation as Fed. R. Civ. P. 6. *See In re Antell,* 155 B.R. 921, 931-32 (Bankr. E.D. Pa. 1992) ("[T]here is a general principle that the procedural rules relating to computation of time are to be construed liberally so as to permit the parties the broadest opportunity for an adjudication of contested issues on the merits.").

[3] ECF No. 1.

[4] *Id.* at ¶ 11.

company is apparently domiciled in the Cayman Islands.[5] In addition to the Complaint, Plaintiff has filed approximately 245 pages of "Exhibits" apparently related to and in support of the allegations in the Complaint.[6] Under these circumstances, the United States' Motion is reasonable. Nothing in the record reflects that Plaintiff will be harmed by granting the Motion.

For the reasons stated, it is

ORDERED:

1. The Department of Education's *Motion for Extension of Time to Respond to Complaint* (ECF No. 33) is GRANTED.

2. The Department of Education shall have until October 25, 2021, to respond to the Complaint.

DONE and ORDERED on August 20, 2021                    .

KAREN K. SPECIE
Chief U.S. Bankruptcy Judge

Attorney Corey J. Smith, AUSA, is directed to serve a copy of this Order on interested parties and file a certificate of service within 3 business days of entry of the Order.

---

[5] *Id.* at ¶ 6. The Record reflects that Plaintiff served this Defendant in Orlando, Florida. ECF No. 28.
[6] ECF Nos. 6-13.