UNITED STATES BANKRUPTCY COURT
FOR THE NORTHER DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO.:

| | |
|---|---|
| IN RE: | CASE NO.:  21-40139-KKS |
| | Chapter 7 |
| JULIAN RODNEY ROOKS, JR., | Judge Karen K. Specie |
| Debtor. | |
| JULIAN RODNEY ROOKS, JR., | |
| Plaintiff, | Adv. Case. No. 21-04019-KKS |
| v. | |
| ST. JOSEPH'S COLLEGE OF MAINE, et al, | |
| Defendants. | |

## MOTION TO DISMISS COMPLAINT

Defendant, ST JOSEPH'S COLLEGE OF MAINE ("SJ") by and through the

undersigned attorneys, pursuant to Rule 12 (b)(6) of the Federal Rules of Civil

Procedure and Rule 7012 of the Federal Rules of Bankruptcy Procedure, hereby files

this, its Motion to Dismiss Complaint [D.E. 1 *et seq*] and in support thereof states as

follows:

1. This adversary proceeding was filed *pro se* on July 22, 2021 and served

   on SJ on July 28, 2021 according to the affidavit of service [D.E. 24].

2. Plaintiff's Complaint, *inter alia*, seeks to have approximately $226 in student loans discharged. [D.E. 1].

3. The Complaint itself comprises twenty-five (25) pages, reciting facts dating back to 1993. *Id.* at ¶ 11.

4. With exhibits, the Complaint is 273 pages containing 71 exhibits, alleging a variety of counts against two medical schools the Plaintiff apparently enrolled in almost twenty-two (22) years ago. *Id.* at ¶ 21.

5. Plaintiff's Complaint alleges that "Plaintiff filed a Chapter 7 Petition and Adversary Complaint in this district, dismissed on 03/30/2016." *Id.* at ¶ 99.

6. Plaintiff's Complaint requests treble damages as an award of punitive damages totaling $19,656,000.00. *Id.* at "Prayer for Relief," p.24, ¶ (3).

7. Plaintiff's Complaint does not properly separate counts out against specific defendants; instead, the allegations form a "shotgun pleading."

8. The Complaint improperly attempts to invoke equitable estoppel to prevent the Defendants in this action from raising a statute of limitations or laches defense. *Id.* at ¶ 48.

9. Plaintiff's Complaint should be dismissed for a violation of the Court's Order in Case No. 16-40025-KKS and for failure to state a cause of action upon which relief can be granted.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 4686 SUNBEAM ROAD - JACKSONVILLE SOUTH, FLORIDA 32257 - (904) 672-4000 (904) 672-4050 FAX

## MEMORANDUM OF LAW

The pleading standard of Rule 8 does not require detailed factual allegations, but it does "demand more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 6878, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint that contains almost no factual allegations as to a particular defendant is subject to dismissal. *Tani v. Shelby Cty, Ala*, 511 F. Appx. 854, 857 (11th Cir. 2013). This is true even where the Plaintiff is a *pro se* litigant. *Id.* at 856 ("Court's duty to liberally construe a *pro se* litigant's complaint "in the face of a motion to dismiss is not the equivalent of a duty to re-write it…."). This Complaint makes only bare accusations that SJ has an agency relationship with SM, and is therefore liable for everything that SM has done. It does not allege the basis of any such relationship, nor how SJ owes any duty to the Plaintiff.

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint in whole or in part on the grounds of failure to state a cause of action. In reviewing a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Nor should the court assume the plaintiff can prove facts he has not alleged. *Twombly*, 550 U.S. at 563 n.8 (*citing Associated Gen. Contractors of Cal, Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)).

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 4686 SUNBEAM ROAD - JACKSONVILLE SOUTH, FLORIDA 32257 - (904) 672-4000 (904) 672-4050 FAX

In cases like this, where a plaintiff seeks to recover for fraud, the complaint implicates Fed. R. Civ. P. 9(b), which imposes heightened pleading requirements to "state with particularity the circumstances constituting fraud." Usually, in order to satisfy this standard, a complaint much allege:

(1) precisely what statements were made in what documents or oral representations or what omissions were made, and
(2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and
(3) the content of such statements and the manner in which they misled the plaintiff, and
(4) what the defendants obtained as a consequence of the fraud.

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (internal quotations omitted). In addition to the "four corners" of the complaint itself, the court may also look at any documents attached or referred to in the complaint where the authenticity of those documents is unchallenged. *See, e.g., SFM Holdings, Ltd. V. Banc of Amer. Securities, LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

Here, the Plaintiff alleges a vast conspiracy of fraud on the part of SM to conceal the destruction of his medical school records and then defraud him of tuition in violation of a tuition incentive program. [D.E. 1, generally]. The only allegations of wrongdoing made against SJ are bare allegations that SJ was in an agency relationship with SM and so is liable for any of the acts of SM, including fraud. However, the Plaintiff fails to properly allege with specificity what statements SJ

4

made or caused to be made, the manner in which any such statements caused Plaintiff to be misled, or how SJ profited from such statements. Plaintiff has therefore failed to properly plead with specificity under Fed. R. Civ. P. 8(a) and 9(b), as per *Twombly*, and should be dismissed.

Federal Rule of Civil Procedure 41(b) provides that a complaint may be dismissed for, in pertinent part, failure to comply with a court order. In *In Re: Julian Rodney Rooks, Jr.*, Case No. 16-40025-KKS (Bankr. N.D. Fla. March 30, 2016), the prior Chapter 7 case referenced by the Plaintiff in ¶ 99, the Court noted that Mr. Rooks had also filed an adversarial bankruptcy proceeding naming sixty-two defendants (which included SJ) in AP No. 16-04003-KKS, Doc. 1. *Id.* at *2. The Court also noted that Mr. Rooks failed to comply with multiple court orders. *Id.* at *3. The Court then dismissed his Chapter 7 case and further ordered that the Plaintiff would not be allowed to file any other bankruptcy petition with the Court until he paid all outstanding fees due the Clerk of the Court in either the 16-40025-KKS or A.P. 16-04003-KKS cases. *Id.* at *6. The same day in the adversarial bankruptcy case, the Court also entered an order dismissing that case pursuant to the order entered in the Chapter 7 case. *In Re: Julian Rodney Rooks, Jr.*, Case No. 16-04003-KKS (Bankr. N.D. Fla. March 30, 2016).

Rule 12(b)(6) also provides that a complaint may dismissed for failure to state a cause of action pursuant to the applicable statute of limitations if the cause of action

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING · 4686 SUNBEAM ROAD · JACKSONVILLE SOUTH, FLORIDA 32257 · (904) 672-4000 (904) 672-4050 FAX

appears on the face of the Complaint.  *See generally SFM Holdings*, 600 F.3d 1334, 1337.  Under Florida law, there is a four-year statute of limitations on any action for negligence, fraud, or breach of contract.   Fla. Stat. § 95.11(3)(a), (j), (k), respectively.  Plaintiff has anticipated this issue and so has sought to preclude any statute of limitations or laches defense in his Complaint on the basis of equitable tolling.  [D.E. 1, ¶ 48].

As the Court has noted in another case, the doctrine of equable tolling "is an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly."  *In re Campbellton-Graceville Hospital Corporation*, 616 B.R. 177 (Bankr. N.D. Fla. 2019) (internal citations and quotation marks omitted).  Additionally, as noted in *In re Health Support Network, Inc.*, 2018 WL 1621027, Case No. 8:15-bk-10966-MGW (Bankr. M.D. Fla. 2018), where actions could be brought by either an adversary proceeding or in non-bankruptcy courts, the extension or tolling of a statute of limitations for such causes of action should not be granted.

Here, even in the light most favorable to the Plaintiff, his claims against SJ (and really all other Defendants) are barred by the statute of limitations.  Plaintiff alleges actions that occurred between 1999 and 2014 in his Complaint, and even himself alleges that he filed a prior case involving the same issues that was dismissed in 2016.  [D.E. 1, ¶ 99].  SJ hereby attaches Plaintiff's pleadings from the 2016 Chapter 7 bankruptcy case and the adversarial proceeding filed the same day, as both

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 4686 SUNBEAM ROAD - JACKSONVILLE SOUTH, FLORIDA 32257 - (904) 672-4000 (904) 672-4050 FAX

complaints clearly allege the same basic facts and circumstances as this Complaint. See Ex. 1, 2.  Therefore, even in the light most favorable to the Plaintiff, he clearly knew of the facts that he states constitute negligence, fraud, and breach of contract in 2016, over five years prior to the filing of this action.  Plaintiff has therefore failed to state a cause of action on which relief can be granted, and his claims should be dismissed with prejudice.

## CERTIFICATION OF GOOD FAITH ATTEMPT TO CONFER PER LOC. R. 7007-1

The undersigned hereby certifies that he has not had an opportunity to confer with Plaintiff using the phone number provided in Plaintiff's service block for the Complaint, as this firm was only recently retained and the deadline for a response, pursuant to the summons, is due.  Undersigned counsel will attempt to reach Plaintiff at that phone number to discuss the Motion.

WHEREFORE Defendant, ST. JOSEPH'S COLLEGE OF MAINE, respectfully requests this Honorable Court dismiss the Complaint with prejudice as to ST. JOSEPH'S COLLEGE OF MAINE, and for such other and further relief as this Court deems just and proper.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 4686 SUNBEAM ROAD - JACKSONVILLE SOUTH, FLORIDA 32257 - (904) 672-4000 (904) 672-4050 FAX

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
2873 Remington Circle
Tallahassee, FL  32308
Primary e-mail: trevor.hawes@csklegal.com
Secondary e-mail:
zachary.brewer@csklegal.com

By:  *s/ Trevor G. Hawes*
TREVOR G. HAWES
Florida Bar No.:  521531
ZACHARY J. BREWER
Florida Bar No.:  85745

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of August, 2021, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all parties of record. I also certify that the foregoing document is being served the next business day, August 25, 2021 on Plaintiff via U.S. Mail postage prepaid, to *pro se* Plaintiff Julian Rodney Rooks, Jr., 3648 Dartford Lane, Tallahassee, Florida 32311.

By:  *s/ Trevor G. Hawes*

0342.0282-00/-1