UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:                                    CASE NO.: 21-40139-KKS
                                                 CHAPTER: 7

JULIAN RODNEY ROOKS, JR.,

    Debtor.
_____/

JULIAN RODNEY ROOKS, JR.,            ADV. NO.: 21-04019-KKS

    Plaintiff,

v.

ST. MATTHEW'S UNIVERSITY INC., et al.,

    Defendants.
_____/

## MOTION REQUESTING ENTRY OF DEFAULT FINAL JUDGMENT

1.    My name is Julian Rodney Rooks Jr. and I have personal knowledge of the following statements.

### FACTS IN SUPPORT OF ALLEGATIONS SET FORTH IN THE COMPLAINT (ECF NO. 1)

2.    Plaintiff successfully completed medical school at Defendant

St. Matthew's University in 2002 but the school refused to give him the degree or an official transcript, making excuses and an ever increasing list of additional things he would have to do to graduate. Dr. Jerry Thornton was St. Matthew's University's Vice President and Gloria Miranda-Avila was the Registrar. In 2015, Plaintiff discovered St. Matthew's University lost his academic records during a hostile takeover of the school in June, 2001. Plaintiff had gone broke years earlier paying the private loans which eventually defaulted and when existing government deferments expired, those loans followed.

3. Plaintiff filed this action to recover damages and seeking a determination of dischargeability due to;

(1) St. Matthew's University's fraudulent/negligent misrepresentations, negligence, breach of contract, special damages,
(2) undue hardship as he received no benefit, is unable to maintain a minimum standard of living, believes the injured should not bear the cost, and,
(3) because the DOE refuses to discharge said debt.

4. In late 1998, Defendant St. Matthew's University's Vice President, Dr. Thornton, told Plaintiff the school had US government student loans, offered him an "incentive" to attend St. Matthew's University and told him, in writing, to pay these funds to St. Matthew's University and he began

2

class in January, 1999.

5. St. Matthew's University was not eligible to receive US government student loans. The origin of the loans was St. Joseph's College of Maine who offered a Graduate study program to St. Matthew's students.

6. In January 2000, Dr. Thornton told Plaintiff Stafford loans were no longer available, to contact the schools attorney and in August, 2000, the attorney sent Plaintiff a fax detailing a loan to pay for the rest of medical school.

7. In late December 2000/early January 2001, St. Matthew's Registrar Gloria told Plaintiff this loan was approved and he moved to Chicago and began clinical rotations.

8. In June, 2001, a newspaper interview with the schools former owner quotes him describing a "hostile takeover" of the school and that the new President was Dr. Jerry Thornton and the Registrar was Gloria Miranda-Avila.

9. Two months later, Gloria sent a fax to Plaintiff in Chicago with a letter signed by Dr. Thornton stating that St. Matthew's University would not give him the loan offered by the school's attorney, (the final school loan) unless he signed a Release of Claims and Nondisclosure Agreement. These

documents made no mention of any lost records and Plaintiff would not have signed them if he had known what had happened two months earlier.

10. Nine months later, in May, 2002, both St. Matthew's University's clinical coordinator in Chicago, and St. Matthew's University's Florida office sent Plaintiff's academic records to Cook County Hospital in Chicago, Illinois for a rotation. Both sets of records are grossly incorrect and sending them, twice, to a Graduate Medical Education Program irreversibly damaged the Plaintiff. If St. Matthew's University had not sent the records Plaintiff would not have been allowed to perform the rotation and the loss may have been uncovered then.

11. Plaintiff returned to Tallahassee about March 2003 and St. Matthew's University sent him an invitation to graduation. When he called to make arrangements Registrar Darlene Burke asked him for his records and demanded more money.

12. In March of 2004, St. Matthew's University Registrar Darlene Burke filled out and submitted to the State of Florida an "Application by Foreign Corporation to Transact Business in Florida" with Jerry Thornton listed as the Vice President.

13. In February of 2005, the State of California evaluated St.

Matthew's University and stated " In August 2001, the Division became aware of serious turmoil….resulting in the eventual loss of all facilities" that "Jerry Thornton, Ph.D.,…had been the principal contact" and that "the first SMUSOM students were concurrently enrolled in the SJCOM MHSA program in the Year 2000".

14. On or about November 2005, Plaintiff met with Jerry Thornton at St. Matthew's University's office in Oviedo, Florida. He refused to give Plaintiff an official transcript or allow him to sit for the board exam, demanded more money and Plaintiff paid thousands more.

15. In late 2005/early 2006, St. Matthew's new corporation, St. Matthew's University (Cayman) Ltd., was merged into SMU Acquisition Corp., a Delaware corporation, and the surviving corporation was named St. Matthew's University Inc.. The "Plan of Merger" states; "The Surviving Corporation shall thereafter be responsible and liable for all liabilities".

16. Sometime between late 2007 and the end of 2008, Plaintiff met with St. Matthew's University's Chancellor in its office in Orlando, Florida. The Chancellor refused to allow him to sit for the board exam and issued a threat. In all previous meetings, phone calls, faxes and conversations, not once had St. Matthew's University given any indication that Plaintiff's

5

records were missing.

17. In February of 2009, St. Matthew's University's Registrar stated, in writing, that records were "missing", that Plaintiff had been withdrawn around the same time he received his invitation to graduation (which he had never heard before), that he would have to take several additional tests and then he could reapply for admission.

18. In 2009 the exhibited email was sent to the US Department of Education.

19. In 2010, St. Matthew's University sent Plaintiff an official transcript. It is grossly incorrect.

20. In 2011, Plaintiff contacted St. Matthew's University's Florida and Chicago office to try to find out why his transcript looked the way it did and he got the run-around from both offices.

21. In early 2014 both lenders asked Plaintiff to sign new promissory notes for all loans at issue in this case, one giving him 7 days and the other 48 hours.

22. In June 2014 both lenders sent him letters stating they had requested his removal from the Treasury Offset Program.

23. In 2015, Plaintiff realized a pattern of loss of the records

around June 2001 and that St. Matthew's had tried to conceal that fact.

24. In 2017, using the Freedom of Information Act, Plaintiff found out that the DOE had already taken action on all loans years earlier, on 06/11/2014, but never told him while continuing collection efforts. Each document states "DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS".

25. In 2017, the DOE signed for Plaintiff's request to discharge the loans but he did not receive a response.

26. Defendant St. Matthew's University failed to respond to the complaint resulting in a "Clerks Entry of Default" (ECF NO. 60) on September 29, 2021. A "Motion to Dismiss Adversary Proceeding" (ECF NO. 39) by former Defendant St. Joseph's College of Maine was granted on September 29, 2021 (ECF NO. 58). At this writing there is a pending "Motion to Dismiss Adversary Proceeding" (ECF NO. 65) by the DOE.

27. WHEREFORE, Plaintiff respectfully requests entry of a Default Final Judgment against Defendant St. Matthew's University Inc., in the amount of $6,552,000 and to award treble damages totaling $19,656,000 and such other and further relief as this Court may deem just and proper.

28. Plaintiff, Julian Rodney Rooks Jr., files this Request pursuant to

Fed. R. Civ. P. 55(b)(2), made applicable by Fed. R. Bankr. P. 7055(B).

## SWORN AFFIDAVIT

I, Julian Rodney Rooks Jr., verify, under penalty of perjury under the laws of the United States of America that I have personal knowledge of these statements and that the foregoing is true and correct.

Dated November 28, 2021.

RESPECTFULLY SUBMITTED
PLAINTIFF

Julian Rodney Rooks Jr.
3648 Dartford Lane
Tallahassee, Florida, 32311
(850) 364-0312
julianrooks@yahoo.com

Service to:
Corey J. Smith
Assistant United States Attorney
111 North Adams Street, 4th Floor
Tallahassee, FL 32301

FL DL# ████████-430-0

PATREKA DANIELS
Commission # GG 917453
Expires January 27, 2024
Bonded Thru Troy Fain Insurance 800-385-7019

8