United States Bankruptcy Court

Northern District of Florida

Rooks, Jr.,
    Plaintiff

St. Matthew's University (Cayman) L,
    Defendant

Adv. Proc. No. 21-04019-KKS

# CERTIFICATE OF NOTICE

District/off: 1129-4      User: admin      Page 1 of 1
Date Rcvd: Feb 14, 2022      Form ID: pdf002      Total Noticed: 6

The following symbols are used throughout this certificate:
**Symbol    Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 16, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| intp | | Attorney General of the United States, U.S. Department of Justice, Attn: Dawn E. Johnsen, Acting Asst., 950 Pennsylvania Ave, NW, Washington, DC 20530-0001 |
| pla | + | Julian Rodney Rooks, Jr., 3648 Dartford Lane, Tallahassee, FL 32311-7773 |
| dft | + | St. Matthew's University Inc, c/o Moya, Terry J., as Reg. Agent, 12124 High Tech Avenue, Ste. 290, Orlando, FL 32817-8374 |
| | + | St. Matthews University Inc., c/o Terry J. Moya, 12124 High Tech Avenue, Ste. 290, Orlando, FL 32817-8374 |
| intp | + | United States Attorney, Attn: Civil Process Clerk, Tallahassee Headquarters, 111 North Adams Street, Tallahassee, FL 32301-7736 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| intp | + | Email/Text: Sherry.chancellor@yahoo.com | Feb 15 2022 03:44:00 | Sherry F Chancellor, P.A., Attn: Sherry F Chancellor, Esq, Ch 7 Tr, 619 West Chase Street, Pensacola, FL 32502-4711 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| dft | | St. Matthew's University (Cayman) Ltd. |
| | *+ | Julian Rodney Rooks, Jr., 3648 Dartford Lane, Tallahassee, FL 32311-7773 |

TOTAL: 1 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 16, 2022      Signature:      /s/Joseph Speetjens

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

JULIAN RODNEY ROOKS, JR.,        CASE NO.: 21-40139-KKS
                                 CHAPTER: 7

  Debtor.
_____/

JULIAN RODNEY ROOKS, JR.,        ADV. NO.: 21-04019-KKS

    Plaintiff,
v.

ST. JOSEPH'S COLLEGE OF MAINE, et al.,

    Defendants.
_____/

## ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S *MOTION REQUESTING ENTRY OF DEFAULT FINAL JUDGMENT* (ECF NO. 68), AND VACATING CLERK'S ENTRY OF DEFAULT (ECF NO. 60)

THIS MATTER is before the Court on self-represented Plaintiff's *Motion Requesting Entry of Default Final Judgment* ("Motion," ECF No. 68) against Defendant, St. Matthew's University Inc. ("St. Matthew's University"). For the reasons set forth below, the Motion is due to be denied and the Clerk's default entered against St. Matthew's University vacated.

NJM

Plaintiff commenced this adversary proceeding on July 22, 2021, naming St. Matthew's University as a defendant.[1] The Clerk issued a Summons on July 22, 2021.[2] Plaintiff filed an Affidavit of Service sworn by process server, James Paul Trebowski, of Nolan Process Service, LLC, averring that Mr. Trebowski delivered a copy of the summons and complaint to "LARISSA GREEN as AUTHORIZED/ACCOUNTANT for ST. MATTHEW'S UNIVERSITY, INC."[3]

St. Matthew's University failed to file an answer or otherwise appear in this adversary proceeding. Plaintiff filed a motion for a Clerk's default against St. Matthew's University, alleging that service was made on that Defendant via "personal service."[4] Based on that motion, the Clerk issued a default against St. Matthew's University on September 29, 2021.[5]

By the instant Motion, Plaintiff requests the Court to enter a default final judgment against St. Matthew's University pursuant to

---

[1] Plaintiff names four (4) defendants in this action: St. Joseph's College of Maine, St. Matthew's University (Cayman) Ltd., St. Matthew's University Inc., and the U.S. Department of Education. *Complaint to Determine Dischargeability of Debt*, ECF No. 1.
[2] *Summons in an Adversary Proceeding*, ECF No. 2.
[3] *Affidavit of Service*, ECF No. 28, p. 2. The Affidavit of Service shows that the process server was to serve "ST. MATTHEW'S UNIVERSITY INC. C/O MOYA, TERRY J. REG. AGENT, 12124 HIGH TECH AVENUE, STE. 290, ORLANDO FL 32817." *Id.*
[4] *Motion for Entry of Default by Clerk*, ECF No. 56, ¶ 1.
[5] *Entry of Default*, ECF No. 60.

Fed. R. Civ. P. 55(b), made applicable by Fed. R. Bankr. P. 7055. Plaintiff's Motion must be denied because Plaintiff has failed to properly serve St. Matthew's University.

Pursuant to Fed. R. Bankr. P. 7004(a), personal service may be made in manner prescribed in Fed. R. Civ. P. 4(e)–(j).[6] St. Matthew's University is a corporation. Serving a corporation is governed by Rule 4(h). Pursuant to Rule 4(h), service on a domestic corporation may be made either (1) in the manner governed by the laws of the state where the court is located or where service is attempted, here Florida; or (2) by delivering the summons and complaint to an officer or agent of the corporation.[7]

Section 48.081 of the Florida Statutes governs service of process on corporations.[8] Section 48.081(1) specifies a descending hierarchy of officers and directors that may be served.[9] In the absence of any of those officers and directors, service may be made on the corporation's registered agent designated under § 48.091.[10] Florida statutes do not

---

[6] Fed. R. Bankr. P. 7004(a).
[7] Fed. R. Civ. P. 4(h)(1)(A)–(B).
[8] Fla. Stat. § 48.081 (2021).
[9] Fla. Stat. § 48.081(1).
[10] Fla. Stat. § 48.081(3)(a). If service cannot be made on the registered agent because of the corporation's failure to comply with § 48.091, then "service of process shall be permitted on

3

define an "authorized/accountant." The Affidavit of Service does not reflect that Larissa Green is an employee of the Registered Agent for St. Matthew's University. If Larissa Green is an employee of St. Matthew's University, nothing in the Affidavit of Service states that no officer or director of St. Matthew's University was present for service of process.[11]

For the reasons stated, it is

ORDERED:

1. Plaintiff's *Motion Requesting Entry of Default Final Judgment* (ECF No. 68) is DENIED, without prejudice.

2. The Clerk's Entry of Default (ECF No. 60) is VACATED.

3. The Clerk is authorized to issue an Alias Summons. Plaintiff has twenty-one (21) days from the date of this Order within which to properly serve Defendant, St. Matthew's University, Inc.

---

any employee at the corporation's principal place of business or on any employee of the registered agent." *Id.* Plaintiff has made no allegation or showing that St. Matthew's University is in violation of Fla. Stat. § 48.091, which governs a corporation's registered office hours, staffing and posting of signs. Fla. Stat. § 48.091(2) (2021).

[11] This assumes that all officers and directors listed in Fla. Stat. § 48.081(1) were absent. *Mattress One, Inc. v. Sunshop Props., LLC*, 282 So. 3d 1024, 1025–26 (Fla. DCA 2019) ("To bind a corporation for jurisdictional purposes, a return of service must show the absence of all officers of a superior class designated in the statute before service can be obtained by serving an officer or agent of an inferior class.").

4. The hearing on the Motion, currently schedule for February 15, 2022, is canceled.

DONE and ORDERED on February 14, 2022.

KAREN K. SPECIE
Chief U. S. Bankruptcy Judge

cc: all interested parties, including

Julian Rodney Rooks, Jr.
3648 Dartford Lane
Tallahassee, Florida 32311

St. Matthew's University Inc.
c/o Terry J. Moya
12124 High Tech Avenue, Ste. 290
Orlando, Florida 32817