UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| IN RE<br><br>JULIAN RODNEY ROOKS, JR.<br><br>Debtor. | CASE NO.: 21-40139-KKS<br>Chapter 7<br>Judge Karen K. Specie |
| JULIAN RODNEY ROOKS, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ST. JOSEPH'S COLLEGE OF MAINE, ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD., ST. MATTHEW'S UNIVERSITY INC.,<br><br>Defendants. | Adv. Case No. 21-04019-KKS |

**MOTION OF DEFENDANTS ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD. AND ST. MATTHEW'S UNIVERSITY, INC. TO DISMISS COMPLAINT**

Defendants St. Matthew's University (Cayman) Ltd. and St. Matthew's University, Inc. (collectively, "SMU"), pursuant to Federal Rule of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 12, move to dismiss the *Complaint to Determine Dischargeability of Debt* [Doc. No. 1] (the "Complaint") filed by Debtor and Plaintiff Julian Rodney Rooks, Jr. (the "Plaintiff") in the above-captioned case. In support thereof, SMU states as follows:

## INTRODUCTION

Plaintiff's 25-page, 71-exhibit Complaint seeks damages for alleged breach of contract, fraud, and negligence arising from his medical school studies in the late 1990s and early 2000s. Plaintiff, who received a discharge in bankruptcy on July 29, 2021, claims that SMU, St. Joseph's

College, and the Department of Education (collectively, the "<u>Defendants</u>") somehow defrauded the Plaintiff of tuition money and covered up the loss and/or fabrication of his medical school records in the late 1990s and early 2000s. The facts within the Complaint, all presented in a disorganized and disjoined narrative, purport to recall various conversations dating back more than twenty years and set forth unsupported legal theories. Plaintiff claims he is entitled to almost $20,000,000 in punitive damages on account of the Defendants' actions.

The Plaintiff's request for relief falls short in several respects. First, the Bankruptcy Court lacks subject matter jurisdiction over these claims, as they are neither core proceedings nor related to his bankruptcy case. Second, Plaintiff lacks standing to bring these claims in his individual capacity because, assuming without conceding he did hold claims against SMU, those claims would be property of his bankruptcy estate. Third, the claims are barred by applicable statutes of limitations because they accrued approximately 20 years ago. Finally, the Complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure, incorporated by the applicable Federal Rules of Bankruptcy Procedure.

## ARGUMENT

### 1.    The Bankruptcy Court lacks jurisdiction over the claims against SMU.

As a threshold matter, this Court does not have subject matter over the Plaintiff's claims against SMU. Bankruptcy courts have jurisdiction over all matters arising under or arising in title 11 of the United States Code (the "<u>Bankruptcy Code</u>")—deemed "core proceedings"—as well as matters "related to" cases under title 11. *See* 28 U.S.C. § 1334. A claim relates to the bankruptcy case if it were to affect the administration of the estate or the distribution to creditors. *Venn v. Kinjite Motors, Inc. (In re WMR Enterprises, Inc.)*, 163 B.R. 887, 889 (Bankr. N.D. Fla. 1994).

The Plaintiff's Complaint does not satisfy the requirements for any of these pathways to jurisdiction over the claims asserted against SMU.  With the exception of his challenges to dischargeability, none of the Plaintiff's claims arise under or arise in a proceeding under title 11, United States Code.  And because the Plaintiff does not allege that SMU presently holds any nondischargeable claims against him (and SMU does not presently hold any such educational debt of the Plaintiff), the claims against SMU are *not* core matters implicating "arising under" or "arising in" jurisdiction.  Likewise, because these claims will not have any impact on the administration of the bankruptcy estate, "related to" jurisdiction is also unavailable.

The Plaintiff's scattershot and unsubstantiated claims against SMU simply have no connection to his underlying bankruptcy proceeding, and that lack of connection defeats jurisdiction.  A similar result occurred in *Venn v. Kinjite Motors, Inc. (In re WMR Enterprises, Inc.)*, wherein the District Court dismissed for lack of subject matter jurisdiction an adversary proceeding seeking damages for, *inter alia*, breach of contract, negligent misrepresentation, and fraud. 163 B.R. at 887. The *Venn* court noted that none of the claims pled in the adversary proceeding were core proceedings involving "a substantive right created by the federal bankruptcy law." *Id.* at 889 (quoting *In re Davis*, 899 F. 2d 1136, 1141 (11th Cir. 1990)). The prosecution of these state law claims would not have any consequence for the administration of the bankruptcy estate, as the court had already confirmed the debtor's chapter 11 plan of reorganization. *Id.* Consequently, "related to" jurisdiction was also absent. The adversary proceeding, therefore, fell outside the court's subject matter jurisdiction and was dismissed.

The *Venn* decision resonates in this case. While *Venn* involved a confirmed Chapter 11 plan and this case involves a no distribution Chapter 7 proceeding, the posture is identical for jurisdictional purposes.  In both matters, the estate has been administered, and the proposed

adversary proceeding will not have any meaningful consequences for creditors in the case.  Here, the Plaintiff's state law claims against SMU are being asserted well after the Chapter 7 Trustee filed a Report of No Distribution on May 24, 2021.  Indeed, the Plaintiff filed his original complaint two months after the filing of the Trustee's no distribution report. *See* Bankr. Doc. No. 28. Plaintiff thereafter received his discharge on July 29, 2021. Bankr. Doc. No. 33. The administration of the Plaintiff's bankruptcy estate is complete. Pursuing these claims will therefore have no outcome on the amount to be recovered by creditors or the resulting administration of the estate. In the absence of "arising under", "arising in" or "related to" jurisdiction, the Complaint must be dismissed as it pertains to SMU.

### 2.     Plaintiff lacks standing to pursue the claims in the Complaint.

As a Chapter 7 debtor, the Debtor lacks standing to bring these claims on his own behalf— unless and until those claims have been abandoned by the Trustee.  Upon the filing of the Chapter 7 proceeding, the Debtor's claims against SMU—such as they are—became property of the bankruptcy estate.  *See* 11 U.S.C. §541.  The estate is composed of all non-exempt property of the debtor wherever located and by whomever held, including claims for relief. *Id.*; *see Taylor v. Novartis Pharmaceuticals Corp.*, 506 B.R. 157, 163 (Bankr. S.D. Fla. 2013). The estate is distinct from the debtor, and the bankruptcy trustee is granted the power to administer the estate and property as he or she deems appropriate. *In re Petricca*, 718 F. App'x 942, 945 (11th Cir. 2018). Because the debtor forfeits his or her prepetition assets to the bankruptcy estate, only the chapter 7 trustee has standing to pursue prepetition causes of action contained therein. *See, e.g.*, *Id.*; *Slater v. U.S. Steel Corp.*, 817 F.3d 1174, 1180 (11th Cir. 2017) ("only the Chapter 7 trustee, not the debtor, has standing to pursue a civil legal claim"); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268,

4

1274 (11th Cir. 2004) (trustee "is the only party with standing to prosecute causes of action belonging to the estate").

There is no question the claims alleged in the Complaint are estate property. The causes of action are all founded on allegations dating to the 1990s and early 2000s, which are clearly prepetition. Indeed, the Plaintiff listed the claims in his Schedules of Assets and Liabilities in his bankruptcy case. *See* Bankr. Doc. No. 1, Schedule A/B, No. 33 (identifying claims against third parties for fraud, breach of contract, and negligence).[1] Accordingly, the claims in the Complaint are estate property—not property of the Plaintiff—and only the chapter 7 trustee has standing to pursue these claims. The Court should therefore dismiss the Complaint for lack of standing, as well.

**3.     The claims set forth in the Complaint are barred by applicable statutes of limitations.**

Plaintiff's claims sound in fraud, negligence, and breach of contract. Applicable statutes of limitations require claims sounding in negligence, fraud, or breach of oral contract to be brought within four years of accrual, and a claim for breach of written contract within five years of accrual. Fla. Stat. §§ 95.11(2)(b) (written contract), (3)(a) (negligence), (j) (fraud), (k) (unwritten contract). Plaintiff's claims date back 20 years. In an attempt to combat this statutory hurdle, the Plaintiff attempts to "invoke[] equitable estoppel to estop defendants from asserting a statute of limitations" defense. Compl. at ¶ 48. Plaintiff's attempt fails.

Rather than an add-on litigants may choose to bolster to their arguments, equitable estoppel is an extraordinary remedy that is applied sparingly in appropriate situations. *In re Campbellton-Graceville Hospital Corp.*, 616 B.R. 177, 184 (Bankr. N.D. Fla. 2019). The Eleventh Circuit has

---

[1] The Plaintiff also listed these claims in a previous bankruptcy filing. *See* Case No. 16-40025-KKS, Doc. No. 1, Schedule A/B, No. 33.

adopted the standard set forth by the Supreme Court in *Holmbreg v. Armbrecht*:  a statute of limitations period may be paused when a litigant has pursued his rights diligently, but extraordinary circumstances prevent the litigant from bring the action in a timely manner. 327 U.S. 392 (1946). Plaintiff's case does not meet this high bar. Plaintiff has made no prior attempt to enforce his alleged rights against the defendants aside from an identical filing in his prior bankruptcy case on January 22, 2016. But that complaint was filed approximately 12 years *after* the applicable statutes of limitations had already expired. Further, that adversary proceeding was dismissed after Plaintiff failed to comply with requirements of the Bankruptcy Code, which is a prime example of Plaintiff's failure to pursue his rights diligently. *See* Case No. 16-04003-KKS, Doc. No. 54.  In his 2016 bankruptcy case, the Plaintiff attempted to circumvent requisite credit counseling.  Case No. 16-40025-KKS, Doc. No. 40 (detailing roundabout ways Plaintiff sought to avoid credit counseling in Order Dismissing Case).  Refusing to comply with mandates of the Bankruptcy Code is not a diligent way to pursue relief. Nor does Plaintiff point to any extraordinary circumstances that would make equitable tolling appropriate in this instance. Indeed, by unsuccessfully pursuing these claims in a prior bankruptcy proceeding more than five years ago, the Plaintiff has established both his own prior knowledge and prosecution of these claims, and the abandonment of those prosecution efforts for a period of time exceeding the underling limitation period, itself.  Without having diligently pursued his rights and without pointing to exceptional circumstances, it is inappropriate to apply the rare remedy to Plaintiff's case. Accordingly, the claims set forth in the Complaint are barred by applicable statutes of limitations.

4.    **The Complaint fails to sufficiently state claims in compliance with the Federal Rules of Civil Procedure.**

Federal Rules of Civil Procedure 8 and 9, incorporated into bankruptcy proceedings by Federal Rules of Bankruptcy Procedure 7008 and 7009, respectively, establish standards for

pleadings and the allegations or defenses therein. Rule 12, incorporated by Federal Rule of Bankruptcy Procedure 7012, permits a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Complaint, seeking damages for fraud, negligence, and breach of contract, does not state a claim upon which relief can be granted and is composed as an unacceptable "shotgun pleading". Accordingly, the Complaint must be dismissed.

A.   The Complaint does not meet the pleading requirements of Rules 8 and 9.

A complaint must include a short and plain statement showing entitlement to relief, in order to provide the defendant with fair notice of the alleged claim and the grounds on which it rests. FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007). If the pleading alleges fraud, as the Complaint does, it must "state with particularity" the circumstances underlying the claim. FED. R. CIV. P. 9(b). Ruling on a motion to dismiss tests the legal sufficiency of the claims and whether the obligations in Rules 8 and 9 have been met. *Pfeil v. Sprint Nextel Corp.*, 504 F. Supp. 2d 1273, 1275 (N.D. Fla. 2007); *In re Lamb*, 409 B.R. 534, 538 (Bankr. N.D. Fla. 2009). Courts are not required to accept the factual allegations as true; rather, a reviewing court need only determine whether, on its face, the complaint is sufficiently clear to allow a response. *Bell Atlantic Corp.*, 550 U.S. at 555; *Pfeil*, 504 F. Supp. at 1276.

The Complaint alleges a scheme existed among the various Defendants to defraud the Plaintiff of tuition and cover-up the destruction of his school records. In support of this theory, Plaintiff cites to numerous letters, emails, and conversations with SMU all occurring approximately twenty (20) years ago in a haphazard, scattered manner. Importantly, the Plaintiff fails to identify who he alleges did what. Instead, the Complaint throws general attacks in each count at, presumably, all defendants. *See Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657,

663-64 (11th Cir. 2015) ("This court has repeatedly held that lumping multiple defendants together in such generalities is insufficient under Rule 9(b)."). Plaintiff has not met the requirements for pleading, and the Complaint must be dismissed.

      B.  <u>The Complaint is an improper "shotgun pleading."</u>

In addition to failing to meet the pleading standards set forth in the Federal Rules, Plaintiff wrongly incorporates the allegations of his earlier causes of action into his subsequent causes of action. *See* Compl. at ¶¶ 23, 39, 62, 88. Further, the Plaintiff combines all allegations and claims into one final attack at the conclusion of the Complaint. *See, e.g.*, Compl. ¶ 90 (alleging "pattern of conduct" evidences malice to support all claims). A complaint may not adopt all allegations of preceding counts to make the final count a combination of the entire complaint. Such a manner of drafting makes it impossible to know which allegations of fact are intended to support which claims for relief. *Galvin v. U.S. Bank, N.A. (In re Galvin)*, Adv. No. 19-03012-KKS, 2020 WL 9421351, at *1 (Bankr. N.D. Fla. Aug. 14, 2020). The Eleventh Circuit—and this Court—have repeatedly reiterated the improper nature of shotgun pleadings. *See, e.g.*, *In re Galvin*, 2020 WL 9421351, at *1 ("this Court has dismissed complaints in other adversary proceedings due to improper shotgun pleading"); *TDMA, LLC v. Moulton (In re Moulton)*, Adv. No. 19-03011-KKS, 2019 WL 9406132, at *1 (Bankr. N.D. Fla. Dec. 31, 2019) (dismissing complaint as shotgun pleading failing to meet particularity requirement of Rule 9(b) standard).

As stated above, the Complaint includes scattered allegations resulting in numerous irrelevant facts and legal theories in each count. It is impossible to determine which counts contain claims against which defendant, and on what grounds each claim stands. The nature of the Complaint as a shotgun pleading is by itself sufficient cause to dismiss. *In re Galvin*, 2020 WL

9421351, at *1. The Court's prior rulings support dismissal of the Complaint as an unacceptable shotgun pleading in these circumstances.

## CONCLUSION

WHEREFORE, SMU respectfully requests this Court enter an order (i) dismissing the Complaint with prejudice as to SMU, and (ii) affording other relief as deemed just and necessary.

Dated: March 16, 2022

ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD. AND ST. MATTHEW'S UNIVERSITY, INC.


*/s/ Dale A. Evans Jr.*
Dale A. Evans Jr. (Florida Bar No. 98496)
Locke Lord LLP
777 South Flagler Drive
Suite 215, East Tower
West Palm Beach, FL 33401
T: 561-820-0248
eFax: 561-828-7994
dale.evans@lockelord.com

## CERTIFICATE OF COMPLIANCE WITH N.D. FLA. LOC. R. 9013-1(A)

The undersigned counsel called the *pro se* Plaintiff at the telephone number listed in Plaintiff's complaint on three separate occasions on March 14 and March 16 in an attempt to confer pursuant to N.D. Fla. Loc. R. 9013-1(A). On the first attempt, a woman answered the phone and hung up on the undersigned when he asked to speak with Plaintiff. On the second and third occasions, the undersigned's call was forwarded directly to a voicemail box and the undersigned counsel left a message asking Plaintiff to return the call. As of the filing of this motion, the undersigned counsel has been unable to speak with Plaintiff to determine whether he objects to the relief requested in this motion.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I HEREBY CERTIFY that this memorandum contains 2,427 words, excluding the case style, signature block, and certificates, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March 2022, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF and served via U.S. Mail on:

| | |
|---|---|
| Attorney General of the United States<br>U.S. Department of Justice<br>Attn: Dawn E. Johnsen, Acting Asst.<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | Sherry F Chancellor, P.A.<br>Attn: Sherry F Chancellor, Esq.<br>Ch. 7 Tr.<br>619 West Chase Street<br>Pensacola, FL 32502 |
| Julian Rodney Rooks, Jr.<br>3648 Dartford Lane<br>Tallahassee, FL 32311 | United States Attorney<br>Attn: Civil Process Clerk<br>Tallahassee Headquarters<br>111 North Adams Street<br>Tallahassee, FL 32301 |

/s/ *Dale A. Evans Jr.*
Dale A. Evans Jr.
Florida Bar Number 98496

109667074