## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

IN RE:                                                     CASE NO.: 21-40139-KKS
                                                                          CHAPTER: 7

JULIAN RODNEY ROOKS, JR.,

    Debtor.

_____ /

JULIAN RODNEY ROOKS, JR.,            ADV. NO.: 21-04019-KKS

    Plaintiff,

v.

ST. JOSEPH'S COLLEGE OF MAINE, et al.,

    Defendants.

_____ /

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**<u>DEFENDANT'S MOTION TO DISMISS PROCEEDING</u>**

On 03/16/22, Defendant St. Matthew's University filed a Motion to

Dismiss Adversary Proceeding (ECF No. 87) raising the following issues.

**Subject matter jurisdiction.**

This case involves a federal question. The Court has "original and exclusive jurisdiction".1

**Standing.**

Plaintiff has standing because:

(1) there is a "concrete and particularized injury in fact"
(2) the injury is "fairly traceable" to the Defendant's conduct, and
(3) "a favorable judicial decision" would likely redress the injury. 2

**Pleading requirements.**

Plaintiff's Complaint (ECF No. 1)3 is a short and plain statement of the claims showing that the pleader is entitled to relief 4, gives fair notice about what those claims are, and the foundational elements upon which those claims rest.

**Statutes of Limitations (prior to Plaintiff's Case filed in 2016).**

Defendant St. Matthew's University pleads a defense made possible by its own concealment of Plaintiff's cause(s) of action. Plaintiff requests that the Court toll the statutes of limitations in this case on 08/20/2001, at

---
1 Title 28 U.S.C. § 1334 (a).
2 *Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 125 (2014).*
3 ECF No. 1.
4 Fed. R. Civ. P. 8(a)(2).

2

12:55 pm, on the date of the first affirmative act concealing the fraud. 5

**Statutes of Limitations (after Plaintiff's case filed in 2016).**

    Plaintiff abandoned his 2016 case and moved on with his life when his PACER account stated the case was "transferred to another district"- beyond his reach. More than a year later, on the morning of 07/20/2017, he recorded his PACER account which still stated "transferred to another district", went to the intake counter and asked the Clerk where the case was transferred to. She said the case was not transferred and to ask PACER about it. A few days later the words "transferred to another district" vanished from multiple locations across Plaintiff's PACER account. He asked PACER about this by registered mail, PACER's email response told him to ask the Court.

    Even if the Court finds these events irrelevant, the 11th District has upheld that the statute of limitations is tolled upon filing of a bankruptcy case. 6

    Thus, Defendants motion to dismiss should be denied.

---

5 ECF No. 1, paragraph #47. "RELEASE OF CLAIMS/NONDISCLOSURE AGREEMENT".
6 Morgan v. United States (In re Morgan), 182 F.3d 775,778 (11th Cir. 1999).

3

**CERTIFICATE OF COMPLIANCE WITH N. D. FLA. LOC. R. 9013-1(A)**

Plaintiff has attempted to confer with Counsel, including leaving a message at his voicemail asking to return his call but has received no response.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 (F)**

This memorandum contains 527 words.

Dated: March 26, 2022                     RESPECTFULLY SUBMITTED
                                          PLAINTIFF

/s/ *[signature]*

_____
Julian Rodney Rooks Jr.
3648 Dartford Lane
Tallahassee, Florida, 32311
(850) 364-0312
julianrooks1@protonmail.com

Service to:
Dale A. Evans Jr., Esq.
Locke Lord LLP
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL 33401