United States Bankruptcy Court

Northern District of Florida

Rooks, Jr.,
    Plaintiff

St. Matthew's University (Cayman) L,
    Defendant

Adv. Proc. No. 21-04019-KKS

# CERTIFICATE OF NOTICE

District/off: 1129-4      User: admin      Page 1 of 2
Date Rcvd: Jun 10, 2022      Form ID: pdf002      Total Noticed: 8

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 12, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| intp | | Attorney General of the United States, U.S. Department of Justice, Attn: Dawn E. Johnsen, Acting Asst., 950 Pennsylvania Ave, NW, Washington, DC 20530-0001 |
| pla | + | Julian Rodney Rooks, Jr., 3648 Dartford Lane, Tallahassee, FL 32311-7773 |
| dft | + | St. Matthew's University (Cayman) Ltd., c/o Locke Lord LLP, 777 South Flagler Drive, Suite 215, East Tower West Palm Beach, FL 33401-6255 |
| dft | + | St. Matthew's University Inc, c/o Moya, Terry J., as Reg. Agent, 12124 High Tech Avenue, Ste. 290, Orlando, FL 32817-8374 |
| intp | + | United States Attorney, Attn: Civil Process Clerk, Tallahassee Headquarters, 111 North Adams Street, Tallahassee, FL 32301-7736 |
| 2437992 | + | St. Matthew's University (Cayman) Ltd., c/o Dale A. Evans Jr., Esq., Locke Lord LLP, 777 S. Flagler Dr. East Tower, Ste. 215, West Palm Beach, FL 33401-6255 |
| 2438130 | + | St. Matthew's University, Inc., c/o Dale A. Evans Jr., Esq., Locke Lord LLP, 777 S. Flagler Dr. East Tower, Ste. 215, West Palm Beach, FL 33401-6255 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| intp | ^ | MEBN | Jun 10 2022 23:35:35 | Attorney General of the United States, U.S. Department of Justice, Attn: Dawn E. Johnsen, Acting Asst., 950 Pennsylvania Ave, NW, Washington, DC 20530-0001 |
| intp | + | Email/Text: Sherry.chancellor@yahoo.com | Jun 10 2022 23:38:00 | Sherry F Chancellor, P.A., Attn: Sherry F Chancellor, Esq, Ch 7 Tr, 619 West Chase Street, Pensacola, FL 32502-4711 |

TOTAL: 2

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

District/off: 1129-4        User: admin        Page 2 of 2
Date Rcvd: Jun 10, 2022        Form ID: pdf002        Total Noticed: 8

Date: Jun 12, 2022        Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 10, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Dale A. Evans, Jr | on behalf of Defendant St. Matthew's University Inc dale.evans@lockelord.com tina.sullivan@lockelord.com;autodocket@lockelord.com |
| Dale A. Evans, Jr | on behalf of Defendant St. Matthew's University (Cayman) Ltd. dale.evans@lockelord.com tina.sullivan@lockelord.com;autodocket@lockelord.com |

TOTAL: 2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

JULIAN RODNEY ROOKS, JR.,   CASE NO.: 21-40139-KKS
　　　　　　　　　　　　　　　CHAPTER: 7

　　Debtor.
_____/

JULIAN RODNEY ROOKS, JR.,   ADV. NO.: 21-04019-KKS

　　　Plaintiff,
v.

ST. MATTHEW'S UNIVERSITY, INC., et al.,

　　　Defendants.
_____/

## ORDER GRANTING *MOTION OF DEFENDANTS ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD. AND ST. MATTHEW'S UNIVERSITY, INC. TO DISMISS COMPLAINT* (ECF NO. 87)

THIS PROCEEDING is before the Court on the *Motion of Defendants St. Matthew's University (Cayman) Ltd. and St. Matthew's University, Inc. to Dismiss Complaint* ("Motion," ECF No. 87) and self-represented Plaintiff's response in opposition ("Response").[1] For the reasons set forth below, the Motion is due to be granted.

---

[1] *Plaintiff's Memorandum in Opposition to Defendant's* [sic] *Motion to Dismiss Proceeding*, ECF No. 99.

NJM

Plaintiff commenced his Chapter 7 bankruptcy case by filing a petition on April 15, 2021.[2] The Chapter 7 Trustee filed "no-asset" report on May 24, 2021.[3]

Plaintiff commenced this adversary proceeding on July 22, 2021, claiming that he seeks (1) discharge of student loan debt allegedly owed to St. Matthew's University (Cayman) Ltd. and St. Matthew's University, Inc. (collectively "SMU") and others under 11 U.S.C. § 523(a)(8);[4] (2) damages equal to the annual Median Pay of a physician for the past thirty-five (35) years in the amount of $6,552,000.00; and (3) treble damages for a variety of alleged actions in the aggregate amount of $19,656,000.00.[5] The facts alleged in the Complaint date back to 1988.[6]

---

[2] *Voluntary Petition for Individuals Filing for Bankruptcy*, *In re Rooks*, Case No. 21-40139-KKS (Bankr. N.D. Fla. Apr. 15, 2021), ECF No. 1.

[3] *Chapter 7 Trustee's Report of No Distribution*, *In re Rooks*, Case No. 21-40139-KKS (Bankr. N.D. Fla. May 24, 2021), ECF No. 28.

[4] Plaintiff named two (2) additional entities as Defendants in this action: St. Joseph's College of Maine and U.S. Department of Education. *Complaint to Determine Dischargeability of Debt*, ECF No. 1 ("Complaint"). The Court granted motions to dismiss by St. Joseph's College of Maine and U.S. Department of Education. *Order Granting on Defendant, St. Joseph's College of Maine's Motion to Dismiss Adversary Proceeding [ECF 39]*, ECF No. 58; *Order Granting Defendant Department of Education's Motion to Dismiss Complaint (ECF No. 65)*, ECF No. 70.

[5] The five (5) Counts of the Complaint are styled as: Count I—Fraudulent Misrepresentation/Negligent Misrepresentation; Count II—Negligence; Count III—Breach of Contract (intentional/non-intentional); Count IV—Special Damages; and Count V—Fraudulent/Negligent Misrepresentation. ECF No. 1.

[6] *Id.* at ¶ 10. The Complaint comprises twenty-five (25) pages, plus seventy-one (71) exhibits comprising an additional 245 pages. *See* ECF Nos. 7–13. Included within the Exhibits, according to the Exhibit List (ECF No. 6), are video recordings on a computer disk apparently depicting domestic violence and Plaintiff's father's passing. Exs. 46, 47, 48, ECF No. 11. The Court has not reviewed and will not review these Exhibits.

SMU seeks dismissal of the Complaint, with prejudice, on the basis that (1) this Court lacks jurisdiction over Plaintiff's claims; (2) Plaintiff lacks standing to bring the claims; (3) the claims are barred by the applicable statute of limitations; and (4) the Complaint fails to state a claim upon which relief can be granted and contains shotgun pleading.

### The Court has subject matter jurisdiction over dischargeability of student loans under 11 U.S.C. § 523(a)(8).

Federal district courts have exclusive and original jurisdiction over all matters arising under Title 11 or arising in or related to cases under Title 11 of the Bankruptcy Code.[7] Pursuant to 28 U.S.C. § 157, district courts may refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges for that district.[8] The District Court for the Northern District of Florida has referred "all cases under Title 11 (Bankruptcy)" and all proceedings arising under, arising in, or related to cases under Title 11 to the bankruptcy judges of this district.[9]

Core proceedings are matters arising under or arising in Title 11 of the Bankruptcy Code, including "determinations as to the dischargeability

---

[7] 28 U.S.C. § 1334(a), (b).
[8] 28 U.S.C. § 157(a).
[9] *Standing Order of Reference Regarding Title 11*, No. 4:95-mcr-40111-DJ (N.D. Fla. June 5, 2012), ECF No. 151.

of particular debts."[10] To the extent that the Complaint asserts a cause of action for a determination that any student loan debt Plaintiff may owe to SMU is dischargeable pursuant to 11 U.S.C. § 523(a)(8), the Court has subject matter jurisdiction over that claim for relief.[11]

### Plaintiff lacks standing to pursue all claims not related to 11 U.S.C. § 523(a)(8).

Plaintiff, as Debtor in the administrative bankruptcy case, is within his rights to file a complaint to determine the dischargeability of student loans.[12] But Plaintiff lacks standing to pursue the other claims alleged in the Complaint.

Once a debtor files a bankruptcy petition, all of the debtor's assets, tangible and intangible, become property of the bankruptcy estate.[13] This includes all "causes of action belonging to the debtor at the commencement of the bankruptcy case."[14] In Chapter 7 cases, while assets remain property of the estate, only the Chapter 7 Trustee has standing to pursue causes of action belonging to the estate.[15]

---

[10] 28 U.S.C. § 157(b)(2)(I).
[11] Although Plaintiff asserts such a cause of action, as discussed below, *infra,* Plaintiff fails to allege the existence of any student loan debt due or owing to SMU.
[12] Fed. R. Bankr. P. 4007(a).
[13] 11 U.S.C. § 541(a)(1).
[14] *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004).
[15] *Id.* (citing 11 U.S.C. § 554(a)–(c)). The bankruptcy court may, in exceptional circumstances, permit others to pursue causes of action on behalf of the bankruptcy estate. *See In re Racing Services, Inc.*, 540 F.3d 892, 898 (8th Cir. 2008).

As SMU correctly notes, all claims set forth in the Complaint pertaining to misrepresentations, negligence, breach of contract, and special damages arose pre-petition. In his Response to the Motion, Plaintiff acknowledges that these claims arose around August of 2001.[16] Plaintiff also listed these claims in his *Schedule A/B* as claims against third parties.[17]

Under 11 U.S.C. § 554, property of the estate is abandoned by the Chapter 7 Trustee after providing creditors with notice and a hearing or, if the property was not administered, by operation of law upon the closing of the bankruptcy case.[18] Plaintiff's claims unrelated to 11 U.S.C. § 523(a)(8) remain property of bankruptcy estate; they have not been abandoned by the Chapter 7 Trustee or by operation of law. Although the Chapter 7 Trustee has filed a no-asset report, that report does not in and of itself constitute abandonment by operation of law until Plaintiff's bankruptcy case is closed.[19] Thus, the Chapter 7 Trustee is the only party

---

[16] ECF No. 99, pp. 2–3.
[17] *Schedule A/B*, *In re Rooks*, Case No. 21-40139-KKS (Bankr. N.D. Fla. Apr. 15, 2021), ECF No. 1, p. 18.
[18] § 554(a)–(c); *In re Beaton*, 211 B.R 755, 758 (Bankr. N.D. Ala. 1997) (citing Fed. Bankr. R. 6007(a)).
[19] The Chapter 7 Trustee certified in her *Report of No Distribution* that this estate has been fully administered and there is no property available for distribution to the estate. *Chapter 7 Trustee's Report of No Distribution*, *In re Rooks*, Case No. 21-40139-KKS (Bankr. N.D. Fla. May 24, 2021), ECF No. 28. But the Chapter 7 Trustee's abandonment of assets, including causes of action against SMU and the other defendants, will become final only upon closing of

5

with standing to pursue pre-petition claims for damages against SMU and others. Because Plaintiff lacks standing to pursue them, the Court need not address the merits of Plaintiff's claims for monetary damages against SMU.

### The Complaint is rife with shotgun pleading.

To survive a motion to dismiss, a complaint must contain a short and plain statement showing that the plaintiff is entitled to relief.[20] Complaints that violate the basic standards of pleading, often referred to as shotgun pleading, are subject to dismissal within the Eleventh Circuit.[21] The Eleventh Circuit Court of Appeals has identified four (4) types of shotgun pleading, noting that the underlying characteristic of all

---

the main administrative case, which has not yet occurred. 11 U.S.C. § 544(c); *see, e.g., In re Reed*, 940 F.2d 1317, 1331 (9th Cir. 1991) ("Although filing a "No Asset" report may exhibit the requisite intent to abandon an asset, that report in and of itself cannot result in abandonment unless the court closes the case."); *In re Mejia*, 576 B.R. 464, 469 (Bankr. S.D.N.Y. 2017) ("The Chapter 7 Trustee's report of no distribution does not give rise to abandonment of the Property. The Property can only be abandoned in the manner provided by section 554."); *In re Owen*, 519 B.R. 869, 877–78 (Bankr. N.D. Ala. 2014) (noting that the Chapter 7 Trustee's Report of No Distribution is "insufficient to accomplish abandonment of estate property, which can be effectuated solely in the manner specified in section 554."); *In re O'Neal*, 374 B.R. 348, 352 (Bankr. S.D. Fla. 2007) (noting that property of the estate that is neither sold nor administered during the course of the bankruptcy case "is deemed abandoned upon the closing of the bankruptcy proceeding.").

[20] Fed. R. Civ. P. 8(a)(2), made applicable by Fed. R. Bankr. P. 7008.
[21] *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018); *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *Rudnick v. SC Advisors 7, LLC (In re Rudnick)*, Case No. 20-40124-KKS, Adv. No. 20-04013-KKS, 2021 WL 1347548, at *3 (Bankr. N.D. Fla. Mar. 3, 2021).

6

types is the failure to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests."[22]

Here, SMU accurately points out that each Count of the Complaint improperly adopts and incorporates the allegations of the preceding counts, and that the Complaint asserts many claims against multiple defendants without specifying which claim is brought against which defendant. Both of these defects amount to shotgun pleading and are sufficient cause for dismissal. If a complaint is dismissed due to shotgun pleading alone, courts normally give the plaintiff an opportunity to file an amended complaint.[23] But if a complaint, like the one before this Court, utterly fails to state a claim over which the Court has jurisdiction, or that the plaintiff clearly has no standing to pursue, then filing an amended complaint would be futile.

### The Complaint fails to state a claim under 11 U.S.C. § 523(a)(8).

Shotgun pleading aside, the Complaint at issue fails to state a claim under 11 U.S.C. § 523(a)(8). This failure is sufficient cause for dismissal under Fed. R. Civ. P. 12(b)(6).[24]

---

[22] *Weiland*, 792 F.3d at 1321–23.
[23] *See e.g.*, *Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (citing *Vibe Micro,* 878 F.3d at 1296); *TDMA, LLC v. Moulton (In re Moulton)*, Case No. 19-30103-KKS, Adv. No. 19-03011-KKS, 2019 WL 9406132, at *4 (Bankr. N.D. Fla. Dec. 3, 2019).
[24] Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012(b).

### a. Plaintiff fails to allege the existence of any student loan debt owed to SMU.

In addressing a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.[25] While a complaint is not required to include detailed factual allegations, it must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[26] In other words, at the motion to dismiss stage, the question is not what Plaintiff could ultimately prove, but whether Plaintiff has adequately alleged each element of a plausible claim.[27]

To receive a discharge of student loan debt covered by § 523(a)(8), Plaintiff must allege the existence of such a debt and that repayment of the debt would impose an undue hardship on him and his dependents.[28] Plaintiff fails to allege the existence of a debt to SMU. In his Complaint, Plaintiff alleges that he relied on Title IV Stafford Loans ("Stafford Loans") and private loans to attend medical school.[29] Plaintiff alleges that he

---

[25] *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).
[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[27] *Melon Acres, Inc. v. Villa (In re Villa)*, 265 B.R. 111, 116 (Bankr. N.D. Fla. 2021).
[28] Plaintiff makes no mention of dependents, so the Court assumes there are none.
[29] ECF No. 1, ¶11.

8

looked for a medical school that offered Stafford Loans and successfully completed his first semester in 1993.[30] Plaintiff neither identifies that school nor describes any remaining federal or private student loans. He next alleges that he found another medical school that offered Stafford Loans and successfully completed semester 2 in 1997;[31] again Plaintiff fails to identify that school or whether he took out any additional student loans. Plaintiff further alleges that he completed medical school "from semester 3 to the end at SMU" but does not say when;[32] similarly, Plaintiff does not identify any loans that he obtained via SMU. Plaintiff then alleges that in 1998 someone from SMU told him during a telephone conference that SMU "had US government student loans;" he then applied and was accepted to SMU in 1998.[33] According to Plaintiff, SMU "was not eligible to receive Title IV student loans."[34]

In a roundabout, rambling style, Plaintiff appears to allege that in 1999 "Stafford funds" arrived in his U.S. bank account and he wrote two (2) checks in the amount of $3,250.00 to SMU to pay for tuition; according

---

[30] *Id.*
[31] *Id.* at ¶12.
[32] *Id.* at ¶13.
[33] *Id.* at ¶14.
[34] *Id.* at ¶ 15.

9

to Plaintiff, SMU cashed both checks.[35] Plaintiff next attempts to allege that he applied for and received a loan, apparently co-signed by his parents, in 2000.[36] The remainder of Plaintiff's complaints about SMU center on SMU allegedly losing Plaintiff's records, giving him false information, and having him sign forms in 2000–2002.[37]

The balance of allegations in the Complaint appear to focus on Plaintiff's interactions with the U.S. Department of Education ("DOE"). Plaintiff claims he began receiving calls from DOE "on behalf" SMU in 2005.[38] The Complaint alleges that in 2009 Plaintiff sent an email to DOE, and that DOE refused to discharge loans Plaintiff "obtained under this [Title IV loan] program."[39] Plaintiff further alleges that in 2017 he wrote to DOE requesting it to "discharge his loans."[40] After more allegations regarding correspondence with DOE and an "Administrative Appeal," Plaintiff asserts that in 2018 DOE hired a debt collector "who demanded

---

[35] *Id.* at ¶¶25, 28.
[36] *Id.* at ¶32.
[37] *Id.* at ¶¶ 35–68.
[38] *Id.* at ¶72.
[39] *Id.* at ¶83.
[40] *Id.* at ¶101–105. In its motion to dismiss the Complaint, DOE asserted that it has no record of any written request by Plaintiff for any alternative repayment plans or discharge of student loans. *Motion to Dismiss Complaint*, ECF No. 65, ¶ 3.

$226,410.39."[41] None of these allegations appear related to SMU or to any student loan debt Plaintiff may owe to SMU.

### b. Plaintiff fails to allege that repayment of student loan debt, if any, will impose an undue hardship.

The Complaint asserts myriad claims of wrongful acts by representatives of SMU and DOE; most of these acts occurred many years ago. None of the allegations in the Complaint show that Plaintiff owes student loans to SMU.

Even if Plaintiff owes student loans to SMU, the Complaint is devoid of any allegation that repayment of student loan debt, regardless of to whom it may be owed, would impose an undue hardship on Plaintiff and his dependents. This is an essential element of a § 523(a)(8) cause of action.

The Eleventh Circuit has adopted the *Brunner* test to determine whether repayment of student loan debt may cause an undue hardship.[42] The *Brunner* test requires a debtor seeking a discharge of student loan debt to show each of the following elements by a preponderance of the evidence:

---

[41] ECF No. 1, ¶110. Although the order granting DOE's motion to dismiss provides that dismissal as to DOE was, in part, based on the "statute of limitations," ECF No. 70, the Court intends to modify that ruling to clarify that the statute of limitations does not bar any claim Plaintiff may have for dischargeability of student loans pursuant to 11 U.S.C. § 523(a)(8).
[42] *Hemar Insurance Corp. of Am. v. Cox (In re Cox)*, 338 F.3d 1238, 1240 (11th Cir. 2003) (citing *Brunner v New York State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987)).

(1) that the debtor cannot maintain . . . a minimal standard of living . . . if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.[43]

Even read in the light most favorable to Plaintiff, none of the factual allegations in the Complaint address any of the elements of the *Brunner* test. Plaintiff's allegations of SMU's alleged misrepresentations, negligence, and breach of contract are irrelevant to a § 523(a)(8) determination.

For the reasons stated, it is

ORDERED:

1. The *Motion of Defendants St. Matthew's University (Cayman) Ltd. and St. Matthew's University, Inc. to Dismiss Complaint* (ECF No. 87) is GRANTED.

2. Once the Court has finalized its reconsideration of the order dismissing this proceeding as to DOE, the Court will give Plaintiff additional time within which to file an amended complaint.

3. Nothing in this Order shall be construed or is meant to imply that even if Plaintiff files an amended complaint that adequately

---

[43] *Brunner*, 831 F.2d at 396.

states a cause of action for discharge of student loan debt under 11 U.S.C. § 523(a)(8), Plaintiff will ultimately be entitled to relief. Whether Plaintiff's student loans, if any, may be discharged will be a matter for submission of evidence, discovery, and perhaps a trial.

4. If in an amended complaint Plaintiff shows the existence of student loan debt and alleges possible grounds for discharge of that debt, the Court may require Plaintiff to undertake alternative (out of court) means to obtain relief from his student loan repayment obligations before permitting Plaintiff to proceed to discovery and trial in this adversary proceeding.

DONE and ORDERED on   June 10, 2022                   .

                                            KAREN K. SPECIE
                                            Chief U. S. Bankruptcy Judge

cc: all interested parties, including

Julian Rodney Rooks, Jr.
3648 Dartford Lane
Tallahassee, Florida 32311