UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

JULIAN RODNEY ROOKS, JR.,  CASE NO.: 21-40139-KKS
  CHAPTER: 7

  Debtor.
_____/

JULIAN RODNEY ROOKS, JR.,  ADV. NO.: 21-04019-KKS

  Plaintiff,
 v.

ST. MATTHEW'S UNIVERSITY, INC., et al.,

  Defendants.
_____/

### ORDER CLARIFYING AND MODIFYING *ORDER GRANTING MOTION TO DISMISS COMPLAINT (ECF NO. 65)* (ECF NO. 70)[1]

Plaintiff filed his Complaint naming as a defendant, among others, the United States Department of Education ("DOE").[2] DOE filed a motion to dismiss the Complaint on October 25, 2021.[3] On December 13, 2021, the Court entered an order granting DOE's motion to dismiss without a

---

[1] This Order is amended to clarify the Court's intent in the *Order Granting Defendant Department of Education's Motion to Dismiss Complaint (ECF No. 65)*, ECF No. 70. Fed. R. Civ. P. 60(a), made applicable by Fed. R. Bankr. P. 9024.
[2] *Complaint to Determine Dischargeability of Debt*, ECF No. 1 ("Complaint").
[3] *Motion to Dismiss Complaint*, ECF No. 65.

NJM

hearing ("Dismissal Order").[4] That Order stated, in part, "that the statute of limitations has run."[5]

In the process of reviewing and ruling on a motion to dismiss filed by Defendants, St. Matthew's University (Cayman) Ltd. and St. Matthew's University Inc. (collectively "SMU"), the Court re-reviewed, among other things, all allegations of Plaintiff's Complaint and DOE's motion to dismiss. That re-review caused the Court to note that although in the Complaint Plaintiff never alleges that he owes any student loan debt to any named Defendant, attached to DOE's motion to dismiss is a document entitled *U.S. Department of Education San Francisco, California Certificate of Indebtedness #1 of 1*.[6] That document reflects that according to DOE records, Plaintiff owed $193,182.97 as of August 17, 2021, on account of "FFEL LOANS," that were "reinsured" by DOE "under loan guaranty programs authorized under Title IV-B of the Higher Education At of 1965 . . . ."[7]

It appears that although Plaintiff did not articulate in the Complaint that he owes student loan debt to any Defendant, including DOE, the

---

[4] *Order Granting Defendant Department of Education's Motion to Dismiss Complaint (ECF No. 65)*, ECF No. 70.
[5] *Id.* at p. 2.
[6] Ex. 1, ECF No. 65-1.
[7] *Id.*

Court should clarify its prior ruling and give Plaintiff an opportunity to file an amended complaint against DOE strictly on the basis of 11 U.S.C. § 523(a)(8). While the Court's Dismissal Order was correct as to other claims alleged in the Complaint, the Court did not intend the language in its Dismissal Order to impose a statute of limitation on actions under 11 U.S.C. § 523(a)(8) where Congress has placed none.

Fed. R. Civ. P. 60(a), incorporated by Fed. R. Bankr. P. 9024, provides, in pertinent part:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.[8]

Pursuant to Rule 9024, the Court enters this Order to clarify that the statute of limitations does not bar any claim that Plaintiff may have against DOE for dischargeability of student loans pursuant to 11 U.S.C. § 523(a)(8).

For the reasons stated, it is

ORDERED:

1. The *Order Granting Defendant Department of Education's Motion to Dismiss Complaint (ECF No. 65)* (ECF No. 70) is

---

[8] Fed. R. Civ. P. 60(a).

CLARIFIED and MODIFIED to include the italicized language set forth below:

> For the reasons set forth in the Motion to Dismiss Complaint, specifically that the statute of limitations has run *as to all claims other than any claim that student loan debt may be dischargeable under 11 U.S.C. § 523(a)(8), . . . .*"

2. The remainder of the Dismissal Order shall remain unchanged, but for the following:

    a. Plaintiff has through and including July 8, 2022, to file an amended complaint seeking a determination of dischargeability of debt as to DOE pursuant to 11 U.S.C. § 523(a)(8).

    b. The relief granted by this Order shall not be construed to waive any defenses DOE may have to any claim Plaintiff may file seeking relief under 11 U.S.C. § 523(a)(8), or any grounds DOE may raise seeking dismissal of such an amended complaint.

    c. If Plaintiff files a timely amended complaint pursuant to the terms of this Order, DOE shall have thirty (30) days from the date of service on it of any such amended complaint within which to file and serve a response.

DONE and ORDERED on   June 14, 2022  .

KAREN K. SPECIE
Chief U. S. Bankruptcy Judge

cc: all interested parties, including

Julian Rodney Rooks, Jr.
3648 Dartford Lane
Tallahassee, Florida 32311