United States Bankruptcy Court

Northern District of Florida

Rooks, Jr.,
    Plaintiff

St. Matthew's University (Cayman) L,
    Defendant

Adv. Proc. No. 21-04019-KKS

# CERTIFICATE OF NOTICE

District/off: 1129-4      User: admin      Page 1 of 2
Date Rcvd: Jun 14, 2022      Form ID: pdf002      Total Noticed: 8

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 16, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| intp | | Attorney General of the United States, U.S. Department of Justice, Attn: Dawn E. Johnsen, Acting Asst., 950 Pennsylvania Ave, NW, Washington, DC 20530-0001 |
| pla | + | Julian Rodney Rooks, Jr., 3648 Dartford Lane, Tallahassee, FL 32311-7773 |
| dft | + | St. Matthew's University (Cayman) Ltd., c/o Locke Lord LLP, 777 South Flagler Drive, Suite 215, East Tower West Palm Beach, FL 33401-6255 |
| dft | + | St. Matthew's University Inc, c/o Moya, Terry J., as Reg. Agent, 12124 High Tech Avenue, Ste. 290, Orlando, FL 32817-8374 |
| intp | + | United States Attorney, Attn: Civil Process Clerk, Tallahassee Headquarters, 111 North Adams Street, Tallahassee, FL 32301-7736 |
| 2437992 | + | St. Matthew's University (Cayman) Ltd., c/o Dale A. Evans Jr., Esq., Locke Lord LLP, 777 S. Flagler Dr. East Tower, Ste. 215, West Palm Beach, FL 33401-6255 |
| 2438130 | + | St. Matthew's University, Inc., c/o Dale A. Evans Jr., Esq., Locke Lord LLP, 777 S. Flagler Dr. East Tower, Ste. 215, West Palm Beach, FL 33401-6255 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| intp | ^ | MEBN | Jun 15 2022 00:09:53 | Attorney General of the United States, U.S. Department of Justice, Attn: Dawn E. Johnsen, Acting Asst., 950 Pennsylvania Ave, NW, Washington, DC 20530-0001 |
| intp | + | Email/Text: Sherry.chancellor@yahoo.com | Jun 15 2022 00:12:00 | Sherry F Chancellor, P.A., Attn: Sherry F Chancellor, Esq, Ch 7 Tr, 619 West Chase Street, Pensacola, FL 32502-4711 |

TOTAL: 2

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| District/off: 1129-4 | User: admin | Page 2 of 2 |
| Date Rcvd: Jun 14, 2022 | Form ID: pdf002 | Total Noticed: 8 |
| Date: Jun 16, 2022 | Signature: /s/Gustava Winters | |

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 14, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Dale A. Evans, Jr | on behalf of Defendant St. Matthew's University Inc dale.evans@lockelord.com tina.sullivan@lockelord.com;autodocket@lockelord.com |
| Dale A. Evans, Jr | on behalf of Defendant St. Matthew's University (Cayman) Ltd. dale.evans@lockelord.com tina.sullivan@lockelord.com;autodocket@lockelord.com |

TOTAL: 2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

JULIAN RODNEY ROOKS, JR.,   CASE NO.: 21-40139-KKS
　　　　　　　　　　　　　　　CHAPTER: 7

　Debtor.
　　　　　　　　　　　　　　　/

JULIAN RODNEY ROOKS, JR.,   ADV. NO.: 21-04019-KKS

　　Plaintiff,
v.

ST. MATTHEW'S UNIVERSITY, INC., et al.,

　　Defendants.
　　　　　　　　　　　　　　　/

## ORDER CLARIFYING AND MODIFYING *ORDER GRANTING MOTION TO DISMISS COMPLAINT (ECF NO. 65)* (ECF NO. 70)[1]

Plaintiff filed his Complaint naming as a defendant, among others, the United States Department of Education ("DOE").[2] DOE filed a motion to dismiss the Complaint on October 25, 2021.[3] On December 13, 2021, the Court entered an order granting DOE's motion to dismiss without a

---

[1] This Order is amended to clarify the Court's intent in the *Order Granting Defendant Department of Education's Motion to Dismiss Complaint (ECF No. 65)*, ECF No. 70. Fed. R. Civ. P. 60(a), made applicable by Fed. R. Bankr. P. 9024.
[2] *Complaint to Determine Dischargeability of Debt*, ECF No. 1 ("Complaint").
[3] *Motion to Dismiss Complaint*, ECF No. 65.

NJM

hearing ("Dismissal Order").[4] That Order stated, in part, "that the statute of limitations has run."[5]

In the process of reviewing and ruling on a motion to dismiss filed by Defendants, St. Matthew's University (Cayman) Ltd. and St. Matthew's University Inc. (collectively "SMU"), the Court re-reviewed, among other things, all allegations of Plaintiff's Complaint and DOE's motion to dismiss. That re-review caused the Court to note that although in the Complaint Plaintiff never alleges that he owes any student loan debt to any named Defendant, attached to DOE's motion to dismiss is a document entitled *U.S. Department of Education San Francisco, California Certificate of Indebtedness #1 of 1*.[6] That document reflects that according to DOE records, Plaintiff owed $193,182.97 as of August 17, 2021, on account of "FFEL LOANS," that were "reinsured" by DOE "under loan guaranty programs authorized under Title IV-B of the Higher Education At of 1965 . . . ."[7]

It appears that although Plaintiff did not articulate in the Complaint that he owes student loan debt to any Defendant, including DOE, the

---

[4] *Order Granting Defendant Department of Education's Motion to Dismiss Complaint (ECF No. 65)*, ECF No. 70.
[5] *Id.* at p. 2.
[6] Ex. 1, ECF No. 65-1.
[7] *Id.*

Court should clarify its prior ruling and give Plaintiff an opportunity to file an amended complaint against DOE strictly on the basis of 11 U.S.C. § 523(a)(8). While the Court's Dismissal Order was correct as to other claims alleged in the Complaint, the Court did not intend the language in its Dismissal Order to impose a statute of limitation on actions under 11 U.S.C. § 523(a)(8) where Congress has placed none.

Fed. R. Civ. P. 60(a), incorporated by Fed. R. Bankr. P. 9024, provides, in pertinent part:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.[8]

Pursuant to Rule 9024, the Court enters this Order to clarify that the statute of limitations does not bar any claim that Plaintiff may have against DOE for dischargeability of student loans pursuant to 11 U.S.C. § 523(a)(8).

For the reasons stated, it is

ORDERED:

1. The *Order Granting Defendant Department of Education's Motion to Dismiss Complaint (ECF No. 65)* (ECF No. 70) is

---

[8] Fed. R. Civ. P. 60(a).

> CLARIFIED and MODIFIED to include the italicized language set forth below:
>> For the reasons set forth in the Motion to Dismiss Complaint, specifically that the statute of limitations has run *as to all claims other than any claim that student loan debt may be dischargeable under 11 U.S.C. § 523(a)(8), . . . .*"

2. The remainder of the Dismissal Order shall remain unchanged, but for the following:

    a. Plaintiff has through and including July 8, 2022, to file an amended complaint seeking a determination of dischargeability of debt as to DOE pursuant to 11 U.S.C. § 523(a)(8).

    b. The relief granted by this Order shall not be construed to waive any defenses DOE may have to any claim Plaintiff may file seeking relief under 11 U.S.C. § 523(a)(8), or any grounds DOE may raise seeking dismissal of such an amended complaint.

   c. If Plaintiff files a timely amended complaint pursuant to the terms of this Order, DOE shall have thirty (30) days from the date of service on it of any such amended complaint within which to file and serve a response.

DONE and ORDERED on    June 14, 2022   .

KAREN K. SPECIE
Chief U. S. Bankruptcy Judge

cc: all interested parties, including

Julian Rodney Rooks, Jr.
3648 Dartford Lane
Tallahassee, Florida 32311